TERRY'S FLOOR FASHIONS, INC., PLAINTIFF v. RENNIE MURRAY, THIRD-PARTY PLAINTIFF v. CHATEAU BUILDERS, INC., AND E. HAROLD KEITH, DEFENDANTS

No. 8210DC495

(Filed 5 April 1983)

**Appeal and Error §§ 6.4, 6.8— interlocutory orders—refusal to add party—summary judgment—premature appeal**

Orders denying third-party plaintiff's motions to compel discovery and to add the third-party corporate defendant as a necessary party and granting summary judgment for third-party defendants were interlocutory and not immediately appealable since they adjudicated fewer than all the rights and liabilities of all the parties, the trial judge did not determine that there was no just reason for delay of the appeal, and the orders did not affect a substantial right in that the orders denying the motions to compel discovery and add a necessary party may be challenged after a a final judgment on all the claims of all the parties without prejudicing third-party plaintiff's rights, and the original complaint and third-party complaint relate to different contracts and there is thus no danger of different juries rendering inconsistent verdicts on the same factual issue. G.S. 1A-1, Rule 54(b); G.S. 1-277; G.S. 7A-27.

APPEAL by third-party plaintiff from *Redwine, Judge.* Order entered 9 February 1982 in District Court, WAKE County. Heard in the Court of Appeals 17 March 1983.

This is a civil action wherein plaintiff sued the defendant, Rennie Murray, for payment of $1,185.00 plus interest for carpet supplied and installed by the plaintiff in defendant's house. The defendant denied liability and claimed that the billing account was in the name of Chateau Builders, Inc., and if any money was owed to the plaintiff, it should be paid by Chateau Builders. Defendant then filed a third-party complaint against Chateau Builders, Inc., and its president, E. Harold Keith. In its complaint, the third-party plaintiff, Rennie Murray, alleged that she had contracted with Chateau Builders, Inc., for the construction of a house and that under the terms of the contract Chateau Builders was to supply certain materials including carpet.

In the present action the third-party defendants, Chateau Builders, Inc., and E. Harold Keith, moved for summary judgment, which was granted on 9 February 1982. The third-party plaintiff then moved to have Chateau Builders, Inc., added as a necessary defendant to this lawsuit. This motion was denied.

The third-party plaintiff appealed.

*E. Gregory Stott for the third-party plaintiff, appellant.*

*Kirk, Tantum, Hamrick & Gay, by George N. Hamrick for the third-party defendants, appellees.*

HEDRICK, Judge.

Upon careful review of the record on appeal we hold this appeal should be dismissed under Rule 54(b) of the North Carolina Rules of Civil Procedure. Rule 54(b) states:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The granting of the third-party defendants' motion for summary judgment, and the denying of third-party plaintiff's motions to compel discovery and add a necessary party, were decisions of the trial judge which adjudicated fewer than all the rights and liabilities of fewer than all the parties. Plaintiff's claim has yet to be heard, so the third-party plaintiff's appeal is interlocutory. Under Rule 54(b), the judgment and orders may be appealed from only if either (1) the trial judge expressly determines there is no just reason for delaying appeal of his final judgment as to fewer

than all the parties, or (2) they affect a "substantial right" pursuant to N.C. Gen. Stat. §§ 1-277 and 7A-27.

The summary judgment and orders in the instant case were not certified for appeal since the trial judge did not declare there was no just reason for delay of appeal. Thus the central question becomes whether the trial judge's orders affected a "substantial right" of third-party plaintiff.

The orders denying third-party plaintiff's motions to compel discovery and to add Chateau Builders, Inc., as a necessary party do not affect substantial rights because those orders may be challenged after a final judgment on all the claims of all the parties without prejudicing third-party plaintiff's rights. As our Supreme Court explained in another attempt to appeal an interlocutory order:

> Defendant's rights here are fully and adequately protected by an exception to the order which may then be assigned as error on appeal should final judgment in the case ultimately go against it. All defendant suffers by its inability to appeal Judge Long's order is the necessity of rehearing its motion. The avoidance of such a rehearing is not a 'substantial right' entitling defendant to an immediate appeal.

*Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E. 2d 338, 344 (1978). The policy behind declining to review the questions presented by third-party plaintiff at this time is "to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Id.* at 207, 240 S.E. 2d at 343.

Nor does summary judgment for third-party defendants affect a substantial right of the third-party plaintiff in the case *sub judice*. The complaint alleges defendant, third-party plaintiff, owes a sum to plaintiff under one contract. The third-party complaint alleges a *separate* contract placing liability, if any, on the third-party defendants. Consequently, the third-party complaint need not be considered unless and until defendant's liability to plaintiff is determined, and appellate review of the summary judgment for the third-party defendants would only be an advisory opinion at this time. The procedural context here is similar

to that of *Green v. Duke Power Co.*, 305 N.C. 603, 607, 290 S.E. 2d 593, 596 (1982), wherein the Court stated,

> We hold that no substantial right would be lost by Duke's [third-party plaintiff's] inability to take an immediate appeal from the summary judgment against it. If Duke [third-party plaintiff] were to win in the principal action, Duke would have no right to appeal. G.S. 1-271 (only an aggrieved party may appeal). If Duke [third-party plaintiff] were to lose, its exception to the entry of summary judgment would fully and adequately preserve its right to thereafter seek contribution.

Furthermore, since the original complaint and the third-party complaint relate to different contracts, there is no danger of different juries rendering inconsistent verdicts on the same factual issue. *See Id.* at 608, 290 S.E. 2d at 596.

The appeal is dismissed.

Judges WHICHARD and BRASWELL concur.