PHILIP T. HOWERTON, M.D., RAY M. ANTLEY, M.D., AND BLUE RIDGE RADIOLOGY ASSOCIATES, P.A., PLAINTIFFS v. GRACE HOSPITAL, INC., AND PIEDMONT MEDICAL IMAGING, P.C., DEFENDANTS

No. COA95-1414

(Filed 15 October 1996)

1. Courts § 19 (NCI4th)— parallel federal action—stay pending appeal—denied

An appeal from the denial of a motion for a stay of state court proceedings was dismissed as interlocutory where plaintiffs filed a complaint in federal court which included state claims; plaintiffs filed a complaint in state court; the state claims in the federal action were voluntarily dismissed without prejudice; defendant Grace Hospital filed its first motion to stay proceedings in the state action on the grounds that a final decision in the federal case would be *res judicata* and bar all issues in the state case; summary judgment was granted for defendant Grace Hospital on the federal claims and plaintiffs appealed; defendants' motions for a stay were denied; and defendants brought this appeal. The denial of a stay did not dispose of any claims or parties, the trial court did not and could not certify the case for immediate appeal, and defendants failed to show that a substantial right would be lost. The state and federal actions do not, at present, have complete identity as to causes of action, no ruling regarding the applicability of the doctrine of *res judicata* has been made, and none of the state claims have been litigated in federal court because they were voluntarily dismissed without prejudice.

Am Jur 2d, Injunctions § 203.

2. Appeal and Error § 510 (NCI4th)— request for sanctions —frivolous appeal—denied—issue on appeal not previously addressed

A request for sanctions for a frivolous appeal was denied where the appellees did not file a motion for sanctions, the Court of Appeals declined to impose sanctions on its own initiative, and the issue on appeal had not been previously addressed by the appellate courts of this state. N.C. R. App. P. 34(a).

Am Jur 2d, Appellate Review §§ 939, 941.

Appeal by defendants from an order denying a motion to stay proceedings entered 13 October 1995 by Judge Claude S. Sitton in Burke

**HOWERTON v. GRACE HOSPITAL, INC.**

[124 N.C. App. 199 (1996)]

County Superior Court. Heard in the Court of Appeals 23 September 1996.

*Law Offices of Robert N. Meals, P.L.L.C., by Robert N. Meals; and Wayne M. Martin, for plaintiff appellees.*

*Tate, Young, Morphis, Bach & Taylor, by Thomas C. Morphis; and Patton Starnes Thompson Aycock Teele & Ballew, P.A., by Thomas M. Starnes, for defendant appellants.*

SMITH, Judge.

On 1 October 1990, plaintiffs filed a complaint in U.S. District Court, Western District of North Carolina seeking injunctive and monetary relief from defendants on claims for alleged violations of the Sherman Antitrust Act, Due Process violations and state claims. On 26 January 1993, plaintiffs voluntarily dismissed the pendent state law claims without prejudice. On 25 February 1993, defendant Grace Hospital moved for summary judgment. On 13 September 1993, U.S. Magistrate Judge J. Toliver Davis issued a memorandum and recommendation that defendant's motion for summary judgment be allowed. U.S. District Court Judge Lacy H. Thornburg adopted the recommendation of the magistrate and granted summary judgment for the defendants on 7 July 1995. Plaintiffs gave notice of appeal to the U.S. Fourth Circuit Court of Appeals from Judge Thornburg's order on 28 July 1995.

On 25 September 1992, plaintiffs filed a complaint in the case *sub judice* in the Superior Court Division of Burke County. Plaintiffs alleged breach of contract, violation of plaintiffs' rights of privacy, wrongful interference with business relationships, unfair and deceptive trade practices and civil conspiracy. Plaintiffs sought injunctive relief, a sum in excess of $10,000.00 in actual damages and a sum in excess of $10,000.00 in punitive damages. On 31 October 1994, defendant Grace made its first motion to stay the trial proceedings in the state action on the grounds that, without final resolution of the pending federal case, defendant Grace would be prejudiced because a final decision in the federal case would be *res judicata* and bar all issues in the state case. Defendant Piedmont Medical Imaging (PMI) made a motion to stay on the same grounds as that of defendant Grace. On 25 September 1995 and 5 October 1995, defendant Grace and PMI made second motions for stay of the trial proceedings. On 13 October 1995, defendants' motions were denied. From this denial, defendants appeal.

The trial court's denial of defendants' motions to stay is an interlocutory order from which no right to immediate appeal lies. We dismiss this appeal.

An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). There is generally no right to appeal an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The purpose of this rule is " 'to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *Id.* (quoting *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985)). However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. *Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. *Id.*

[1] Defendants purportedly appeal the order denying their motion for a stay of the state court proceedings. Defendants cite no authority for the proposition that denial of a stay is appealable. We find no such authority in North Carolina. We do, however, find caselaw in other jurisdictions holding that the denial of a stay is not immediately appealable. *General Motors Corporation v. Koscielski*, 564 A.2d 114 (Md. Ct. Spec. App.) (1989); *Grimme Combustion, Inc. v. Mergentime Corp.*, 560 A.2d 793 (Pa. Super. Ct.) (1989); *Waterbury Teachers Assoc. v. Freedom of Information Commission et al.*, 645 A.2d 978 (Conn.) (1994); *Federal Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859 (9th Cir. 1991). The denial of defendants' motions for stay did not dispose of any of the claims or parties, and the trial court did not and could not certify the case for immediate appeal pursuant to N. C. Gen. Stat. § 1A-1, Rule 54(b) (1990). Therefore, defendants must show that the trial court's decision deprives them of a substantial right which will be lost absent immediate review.

Defendants argue that they have the right to appeal from the interlocutory order, because the result of the federal appeal will have a preclusive effect in the state case under the doctrine of *res judicata*. The right to avoid the possibility of two trials on the same issues can be a substantial right that permits an appeal of an interlocutory order when there are issues of fact common to the claim appealed and remaining claims. *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). "Ordinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Id.*

> The pendency of a prior suit in federal court is not an absolute bar to a suit in state court by the same plaintiff against the same defendant for the same cause of action. However, as a matter of comity and discretion, a state court may stay its proceedings pending the outcome of related federal litigation, and will generally do so where the action before it involves the same parties and the same issues as a previously filed action in federal court. *In the absence of complete identity as to parties, causes of action, and remedies sought, however, a stay of the state proceedings may properly be denied.*

1 Am. Jur. 2d *Actions* § 79 (emphasis added) (footnotes omitted) (1994). The two actions do not, at the present time, have "complete identity as to . . . causes of action . . . ."

No ruling regarding the applicability of the doctrine of *res judicata* has been made in this case. Moreover, the only claims addressed in the federal suit were violations of the Sherman Antitrust Act and violations of Due Process. None of the state claims brought forth by plaintiffs have been litigated in federal court, because they were voluntarily dismissed without prejudice. Thus, defendants improperly argue that they are going to be deprived of the defense of *res judicata*. Defendants have failed to show that a substantial right will be lost.

**[2]** Appellees request sanctions in their brief because the defendants' appeal is "frivolous." Rule 34(a) of the North Carolina Rules of Appellate Procedure provides:

> A court of the appellate division may, *on its own initiative or motion of a party*, impose a sanction against a party or attorney

or both when the court determines that an appeal or any pro-
ceeding in an appeal was frivolous . . . .

(Emphasis added.) The appellees did not file a motion with this Court
for sanctions, and we decline to impose sanctions on our own initia-
tive. Furthermore, we decline to impose sanctions because the issue
of whether denial of a stay is immediately appealable had not been
previously addressed by the appellate courts of this state.

Appeal dismissed.

Judges EAGLES and MARTIN, John C., concur.