DUNCAN v. BRYANT

[129 N.C. App. 245 (1998)]

---

BRENDA DUNCAN, Plaintiff v. Cora Lee Bryant, Guilford County Board OF Education and Nationwide Mutual Insurance Company, Defendants

No. COA97-1019

(Filed 7 April 1998)

**Appeal and Error § 118 (NCI4th)— interlocutory appeal—substantial right—not affected by denial of summary judgment**

An appeal was dismissed as interlocutory where defendant Nationwide's motion for summary judgment was denied and Nationwide appealed, acknowledging in the Appeal Information Statement that the order was not final and stating that its basis for immediate appeal was that its substantial right to appear as an

unnamed defendant was affected. The motion for summary judgment did not properly raise the question of whether defendant Nationwide should be a named or unnamed party.

Appeal by defendant Nationwide Mutual Insurance Company from order entered 19 May 1997 by Judge Henry E. Frye, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 9 February 1998.

*Harris & Iorio, by Douglas S. Harris, for plaintiff appellee.*

*Henson & Henson, L.L.P., by Perry C. Henson, for defendant appellant Nationwide Mutual Insurance Company.*

SMITH, Judge.

On 16 December 1994, plaintiff filed a complaint seeking damages from defendants Cora Lee Bryant (hereinafter "defendant Bryant") and Guilford County Board of Education (hereinafter "defendant Board") arising out of an automobile collision between a car driven by plaintiff and a school bus driven by defendant Bryant and owned by defendant Board. Plaintiff also sought damages from defendant Nationwide Mutual Insurance Company (hereinafter "defendant Nationwide") arising from the underinsured motorist provision of plaintiff's insurance policy with defendant Nationwide.

On 20 February 1995, defendant Nationwide filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990) and to strike all references and allegations pertaining to it from plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(f) (1990). On 21 October 1996, the trial court entered an order denying defendant's motion to dismiss made pursuant to Rule 12(b)(6).

On 24 March 1995, plaintiff filed a motion dismissing defendants Bryant and Board from any liability and releasing them as defendants "except for the limited purpose of preserving those derivative rights necessary to sustain the underinsured action against defendant Nationwide." In the motion, plaintiff stated that she had accepted an offer made by the State of North Carolina of $100,000.00, the full amount allowed under the Tort Claims Act. On 16 January 1997, the trial court entered an order dismissing defendants Bryant and Board from the action "except for the limited purpose of preserving those derivative rights necessary to sustain the underinsured action against defendant Nationwide . . . ."

DUNCAN v. BRYANT

[129 N.C. App. 245 (1998)]

On 4 May 1995, plaintiff filed an amendment to her complaint seeking compensatory and punitive damages from defendant Nationwide for bad faith refusal to acknowledge its liability under the underinsured motorist provision of plaintiff's automobile insurance policy. On 5 November 1996, defendant Nationwide filed a motion to strike the amendment to the complaint. On 6 November 1996, defendant Nationwide filed answers to the complaint and amendment to the complaint.

On 27 December 1996, defendant Nationwide filed a motion for summary judgment alleging that "there is no genuine issue as to any material fact pertaining to the defendant Nationwide Mutual Insurance Company as shown by the pleadings, affidavits, answers to interrogatories, and responses to request for production and admissions; and the defendant Nationwide is entitled to judgment in its favor as a matter of law." On 19 May 1997, the trial court entered an order denying defendant Nationwide's motion for summary judgment. Defendant Nationwide appeals from the order denying its motion for summary judgment.

"[I]f an appealing party has no right to appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). Although the parties have not raised the question, we first consider whether the order appealed from is immediately appealable.

An appeal does not lie from an interlocutory order unless the order affects a substantial right that will work an injury to the appellant if not corrected before an appeal from final judgment. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts. *Waters v. Personnel, Inc.*, 294 N.C. 200, 207-08, 240 S.E.2d 338, 343 (1978).

Because the order entered by the trial court in this case is not a final determination of the parties' rights, it is interlocutory. *See Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978) (holding that the denial of a motion for summary judgment is interlocutory). Therefore, defendant Nationwide may only appeal from the interlocutory order if it affects a substantial right that will be lost absent an immediate appeal.

The appellant has the burden of showing this Court that the order appealed from affects a substantial right that will be jeopardized absent review prior to final judgment. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Although the appealability of the order in question is not addressed in its brief, defendant Nationwide acknowledges in the Appeal Information Statement filed in this Court that the order is not final and states as its only basis for immediate appeal the following:

> Pursuant to Rule 56, Rules of Civil Procedure, N.C.G.S. § 1-277(a) and N.C.G.S. § 7A-27(b) provides Nationwide Mutual Insurance Company with a substantial right to appear as an unnamed defendant in this case and the denial to Nationwide Mutual Insurance Company the right to appear as an unnamed defendant will be very prejudicial to the defendant's rights in this case.

Defendant Nationwide essentially contends the order appealed from affects its substantial right to appear as an unnamed defendant in this case pursuant to N.C. Gen. Stat. § 20-279.21(b)(4) (Cum. Supp. 1997). Assuming *arguendo* that the right to appear as an unnamed defendant is a substantial right, we do not believe that right was affected by the order denying defendant Nationwide's motion for summary judgment.

The record shows that defendant Nationwide initially raised the issue of whether it should be a named or unnamed party when it moved to strike all references to it in plaintiff's complaint pursuant to Rule 12(f). The trial court subsequently entered an order denying defendant Nationwide's motion to dismiss pursuant to Rule 12(b)(6), but the trial court did not address the Rule 12(f) motion.

Defendant Nationwide attempted to again raise the question of whether it should be a named or unnamed party during the hearing on its motion for summary judgment. The purpose of summary judgment is to provide an expeditious method of determining whether a genuine issue of material fact exists, and if not, whether the movant is entitled to judgment as a matter of law. *Gudger v. Furniture, Inc.*, 30 N.C. App. 387, 389, 226 S.E.2d 835, 837 (1976). Even if the trial court had agreed with defendant Nationwide's argument that it is entitled to appear as an unnamed defendant, summary judgment on that basis would have been inappropriate since the motion presented only the question of whether genuine issues of material fact exist. The question of whether defendant Nationwide should appear as a named or unnamed party was not properly raised by appellant's motion for

summary judgment and was not addressed by the trial court in the order from which defendant Nationwide has appealed.

Because defendant Nationwide's motion for summary judgment did not properly raise the question of whether it should be a named or unnamed party, the question is not properly before this Court. Appellant has failed to show that the order appealed from affects a substantial right that will be lost absent an immediate appeal, and the appeal must be dismissed.

Appeal dismissed.

Judges GREENE and MARTIN, Mark D., concur.