NELLO L. TEER COMPANY, INC., PLAINTIFF v. JONES BROS., INC., FIREMAN'S FUND INSURANCE COMPANY, AND NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANTS

No. COA06-340

(Filed 20 March 2007)

**1. Appeal and Error— appealability—denial of stay—exposure to overlapping issues and inconsistent verdicts**

The denial of defendant's motion for a stay in a construction claim involving multiple parties was interlocutory but appealable as affecting a substantial right where the denial of the stay ex-

**NELLO L. TEER CO. v. JONES BROS., INC.**

[182 N.C. App. 300 (2007)]

posed defendant to multiple trials on overlapping issues and the possibility of inconsistent verdicts.

**2. Highways and Streets— road construction—provision that administrative remedies be exhausted—stay of claim**

The trial court erred by denying defendant's motion to stay a road construction claim where the defendant sought a stay until resolution of the administrative process as outlined in the contract. Contractual agreements that call for the parties to exhaust administrative procedures are binding unless such procedures are shown to be inadequate or unavailable. No such showing was made. N.C.G.S. § 136-29.

**3. Parties— State not a necessary party—no prejudice**

Defendant Jones Bros. did not show prejudice to any asserted substantial right in a road construction case from an order that the State was no longer a necessary party. The order noted that NCDOT continues as a party to the extent it has been made a party by proper service or has properly intervened, and, in the event of an adverse ruling, defendant maintains its right to seek contribution from NCDOT.

**4. Appeal and Error— appealability—mootness—party released from contract**

An appeal from a partial summary judgment dismissing a declaratory judgment claim was moot where the claim sought release of a subcontractor from the future performance of a road-paving subcontract, but the contractor had terminated the subcontractor. Even if not moot, plaintiff did not argue any substantial right that would be lost absent immediate review.

Appeal by defendants-appellants and cross-appeal by plaintiff-cross-appellant from orders entered 11 January 2005, 11 October 2005, and 18 November 2005 by Judge Steve A. Balog, Judge Wade Barber, and Judge Michael Morgan, respectively, in Orange County Superior Court. Heard in the Court of Appeals 8 January 2007.

*Elmore & Wall, P.A., by Keith E. Coltrain, Kimila L. Wooten & L. Franklin Elmore, for plaintiff-appellee.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Charles C. Meeker and Brian D. Darer, for defendants-appellants Jones Bros., Inc. and Fireman's Fund Insurance Co.*

**NELLO L. TEER CO. v. JONES BROS., INC.**

[182 N.C. App. 300 (2007)]

*Attorney General Roy Cooper, by Special Deputy Attorney General Joseph E. Herrin, for defendant-appellant North Carolina Department of Transportation.*

MARTIN, Chief Judge.

The North Carolina Department of Transportation ("NCDOT") initiated public highway construction projects to widen a 12-mile segment of U.S. Highway 15-501 in Chatham and Orange Counties. In January 2001, NCDOT contracted with Jones Brothers Incorporated ("Jones Bros.") to perform the work, the completion of which was originally scheduled for thirty-five months. Jones Bros. subcontracted all of the paving work for the project to Nello L. Teer Company ("Teer"). All facets of construction were to be performed in accordance with NCDOT's contract and Teer agreed to be bound by these same conditions.

Teer used the Traffic Control Plan from NCDOT's specifications to determine that it would be involved in the project for fifteen months. Completion of the project was substantially delayed; reasons for the delays are in controversy. Jones Bros. contended the delays came about due to NCDOT's failure to timely relocate underground and overhead utilities that were impeding the construction. In addition, NCDOT redesigned the project, resulting in a further delay of six months. Teer contended that substantial delays were attributable to improper project management by Jones Bros. Teer alleged it ultimately spent more than forty-three months on the project, causing it significant monetary damages and constituting a material and cardinal change to the contract. On 30 June 2004, Teer filed a complaint seeking damages for such delays and declaratory relief excusing Teer from further performance under the contract. Jones Bros. filed an answer, moving to dismiss, asserting affirmative defenses, and asserting counterclaims. Pursuant to an order of the trial court, NCDOT was made a party to the litigation, and both Teer and Jones Bros. amended their pleadings. Jones Bros.' amended pleading included cross-claims against NCDOT and a motion to dismiss Teer's claims, citing Teer's failure to exhaust its administrative remedies. NCDOT moved to dismiss the claims of both Teer and Jones Bros.

On 11 January 2005, the trial judge granted partial summary judgment denying Teer's claims for declaratory relief. Jones Bros. moved for a stay in the litigation between Jones Bros. and Teer as well as the cross-claims between Jones Bros. and NCDOT until resolution of the

administrative process as outlined in the job's contract, which could not begin until the job was finished. By order dated 11 October 2005, the trial court denied the motion. On 18 November 2005, NCDOT's motion to dismiss Jones Bros.' cross-claims was denied.

Defendants-appellants Jones Bros. and Fireman's Fund Insurance Company appeal from the order entered on 11 October 2005 denying their motion for a stay and determining that NCDOT was not a necessary party to the litigation at issue. Defendant-appellant NCDOT appeals the order entered 18 November 2005 denying its motion to dismiss cross-claims asserted by Jones Bros. Plaintiff-appellee and cross-appellant Teer cross-appeals from the order entered 11 January 2005 granting Jones Bros.' motion for partial summary judgment.

---

At the outset, we note that each of the appeals before this Court is from an interlocutory order. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). A party cannot immediately appeal an interlocutory order unless (1) a trial court enters a final judgment to fewer than all of the claims or parties in an action and certifies that there is no reason to delay the appeal or (2) the failure to grant immediate review would affect a substantial right. *Davis v. Davis*, 360 N.C. 518, 524-25, 631 S.E.2d 114, 119 (2006) (citation omitted). A right is substantial if it will be lost or irremediably and adversely affected if the trial court's order is not reviewed before a final judgment. *RPR & Assocs. v. University of N.C.-Chapel Hill*, 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002). "Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed." *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002).

I.

[1] Jones Bros. first challenges the trial court's denial of its motion to stay. The denial of a motion to stay is an interlocutory order with no absolute right to an immediate appeal. *Howerton v. Grace Hosp., Inc.*, 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996). The order did not dispose of any of the claims or parties. *Id.*, 476 S.E.2d at 442-43. As a result, Jones Bros. must demonstrate that the trial court's decision deprived it of a substantial right which will be lost absent immediate review. *Id.*, 476 S.E.2d at 443. A party's right

to avoid separate trials of the same factual issues may constitute a substantial right. *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982) (citation omitted). This Court has interpreted *Green* as creating a two-part test requiring that a party show "(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 735-36, 460 S.E.2d 332, 335 (1995) (citation omitted).

Jones Bros. argues that it is entitled to an immediate appeal because the denial of the motion to stay exposes it to multiple trials on overlapping issues and the possibility of inconsistent verdicts on the delay claims. Jones Bros.' motion requested that Teer's claims "be stayed pending resolution of claims against NCDOT through the administrative process[.]" The liability of NCDOT, as third-party defendants to Jones Bros., is dependent upon the resolution of the issue of Jones Bros.' liability to Teer. Further, the delay claims depend upon similar factual issues and similar proof. The delays alleged by Teer during its subcontracting work are the same delays that affected Jones Bros. and which involve NCDOT. In addition, inconsistent verdicts could occur. For example, Jones Bros. could be found liable to Teer on some issues, but could be precluded from raising those same issues against NCDOT during the administrative process. Having found a substantial right to be affected, Jones Bros. motion for a stay, which was denied by the trial court, is immediately appealable.

[2] Jones Bros. argues that the trial court erred by denying the motion to stay. We agree. Contractual agreements that call for the parties to exhaust administrative procedures are binding unless such procedures are shown to be "inadequate or unavailable." *U.S. v. Grace & Sons, Inc.*, 384 U.S. 424, 430, 16 L. Ed. 2d 662, 667-68 (1966) (indicating that "the inadequacy or unavailability of administrative relief must clearly appear before a party is permitted to circumvent his own contractual agreement.") NCDOT incorporates N.C.G.S. § 136-29 into every contract for highway construction as a statutory ground under which contractors may sue. *See A.H. Beck Found. Co. v. Jones Bros.*, 166 N.C. App. 672, 679, 603 S.E.2d 819, 824 (2004). Under this provision, "before a party may pursue a judicial action against the state for money claimed to be due under a highway construction contract, it must first pursue its administrative remedies." *Id.* (quoting *In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 792, 309 S.E.2d 183, 186 (1983)).

NELLO L. TEER CO. v. JONES BROS., INC.

[182 N.C. App. 300 (2007)]

In the present case, N.C.G.S. § 136-29 was incorporated in the Principal Contact within Section 107-25, requiring that all claims be submitted in accordance with the statute. The subcontract agreement stated that "Subcontractor agrees to give notice in writing and make all claims for which Owner is, or may be, liable in the manner provided and in a time framework which is consistent with the Principal Contract[.]" Teer agreed to be bound by the terms of the contract between Jones Bros. and NCDOT which requires that the parties exhaust administrative remedies for any claim in which NCDOT may be liable. The delay claims asserted by Teer, for which NCDOT is a third-party defendant, are subject to the contract's administrative relief provision. Teer was contractually obligated to follow the administrative process prior to seeking judicial relief. No showing has been made that the administrative process was either inadequate or unavailable. *Grace & Sons, Inc.*, 384 U.S. at 430, 16 L. Ed. 2d at 667; *see also Seal & Co., Inc. v. A.S. McGaughan Co.*, 907 F.2d 450, 455 (4th Cir. 1990) (finding a subcontractor's contract to incorporate the prime contract's administrative relief provision and reversing the denial of a motion to stay the subcontractor's claims). We reverse the lower court's denial of the motion to stay and remand the case to the trial court for entry of an order staying the present action pending the exhaustion of the administrative process.

**[3]** In addition, Jones Bros. challenges that portion of the 11 October 2005 Case Status Order finding that NCDOT is no longer a necessary party to the litigation. This portion of the order was predicated on prior orders effectively eliminating the pending causes of action by Teer against NCDOT. By order dated 8 November 2004, the trial court dismissed Teer's claims for damages caused by NCDOT and, by order entered 11 January 2005, granted summary judgment against Teer's requested declaratory relief.

"A 'necessary' party is one whose interest will be directly affected by the outcome of the litigation." *Begley v. Employment Security Comm.*, 50 N.C. App. 432, 438, 274 S.E.2d 370, 375 (1981). "A proper party is one whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others." *Crosrol Carding Developments, Inc. v. Gunter & Cooke, Inc.*, 12 N.C. App. 448, 452, 183 S.E.2d 834, 837 (1971). Necessary parties must be joined while proper parties may be joined. *Id.* at 451, 183 S.E.2d at 837. Our Court has held that the challenge of an order declining to name an entity a necessary party is interlocutory. *Terry's Floor Fashions, Inc. v. Murray*, 61 N.C. App. 569, 570, 300

S.E.2d 888, 889 (1983). Further, such challenges may be asserted after a final judgment on all the claims without prejudice. *Id.* at 571, 300 S.E.2d at 890.

As reflected in the challenged order, NCDOT "continues as a party to the extent that it has been made a proper party by service or has properly intervened." In the event of an adverse ruling, Jones Bros. maintains its right to seek contribution from NCDOT. Jones Bros. has failed to show how the trial court's order prejudices any asserted substantial right. This assignment of error is dismissed.

II.

**[4]** Teer cross-appealed the trial court's grant of partial summary judgment dismissing Teer's first cause of action, by which Teer sought declaratory judgment excusing Teer from future performance as the result of a cardinal change to the subcontract. The cardinal change which formed the basis for Teer's claim was the project's alleged extended duration. Orders granting partial summary judgment are interlocutory. *Davis v. Davis*, 360 N.C. 518, 524, 631 S.E.2d 114, 119 (2006).

Jones Bros. terminated Teer from the subcontract in August 2005, excusing Teer from future performance under the contract and rendering Teer's appeal from the 11 January 2005 order moot. Teer conceded as much during the 6 September 2005 hearing before Judge Barber.

> MR. COLTRAIN: . . . [T]he Court determined that the declaratory relief would impact North Carolina DOT. The Court entered an order on the part of Nello Teer to make DOT a party to the transaction.
>
> THE COURT: That's right. The Court brought DOT for the reason that the Court granted your relief that it could interfere with the paving of the highway. What's the status with paving? Are y'all still providing asphalt?
>
> MR. COLTRAIN: Actually, Your Honor, Nello Teer has just recently been terminated.
>
> THE COURT: So you got that relief that you wanted.
>
> MR. COLTRAIN: We got the relief that we wanted.
>
> THE COURT: All right.

MR. COLTRAIN: Not by the way we wanted it.

THE COURT: So that part of the lawsuit is moot.

MR. COLTRAIN: Correct. Well, I'll say it's moot for all practical purposes at this point in time. There are some legal issues I would not cede.

"Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131 (1994) (citations omitted).

Even assuming, *arguendo*, that Teer's appeal was not moot, Teer has failed to argue any substantial right that will be lost absent immediate review. *See Howerton*, 124 N.C. App. at 201, 476 S.E.2d at 443. "[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). As a result, the issue is not properly before this Court and we need not address defendant's related assignments of error. *See Duncan v. Bryant*, 129 N.C. App. 245, 248, 497 S.E.2d 443, 445 (1998) (indicating that the party seeking to appeal an interlocutory order has the burden of showing this Court that such an order affects a substantial right at jeopardy absent review prior to final judgment).

III.

NCDOT contends the trial court erred in denying its motion to dismiss. NCDOT argued, by virtue of the incorporation of N.C.G.S. § 136-29 into the contract, that any claims asserted against it were barred by the doctrine of sovereign immunity until the project was completed and all administrative remedies were exhausted. Our decision to grant Jones Bros. motion to stay until the administrative remedies have been exhausted renders NCDOT's appeal moot and we need not address it.

Reversed and Remanded in part; Dismissed in part.

Judges McCULLOUGH and LEVINSON concur.