ANGELA S. SMITH, et al., Plaintiffs
v.
LAKE BAY EAST, LLC, et al., Defendants

No. COA12-1541

Filed 18 June 2013

**Appeal and Error—interlocutory orders and appeals—water level in canal—condemnation rule not applicable**

An appeal from an order that defendants admitted was interlocutory was dismissed where defendants contended that their appeal was subject to immediate review under *N.C. Dep't of Transp. v. Stagecoach Village*, 360 N.C. 46. However, the principle adopted in *Stagecoach Village* is only applicable in condemnation cases and this case involved claims for breach of real covenant, nuisance, negligence, and injunctive relief rising from the water level in a canal.

Appeal by defendants from order entered on or about 10 August 2012 by Judge Douglas B. Sasser in Superior Court, Bladen County. Heard in the Court of Appeals 24 April 2013.

*Matthew J. Dixon, PLLC, by Matthew J. Dixon, for plaintiff-appellees.*

*Hester, Grady & Hester, P.L.L.C., by H. Clifton Hester, for defendant-appellants.*

STROUD, Judge.

Defendants appeal from an interlocutory order denying their motion to add necessary parties. For the following reasons, we dismiss.

## I. Background

On 22 April 2010, plaintiffs filed a complaint against defendants alleging that in 2007 they purchased real property located in the "Bay Tree Lake subdivision, in Bladen County[.]" The previous owners of the property had filed a suit against two of the defendants, Lake Bay East, LCC ("Lake Bay") and Lake Creek Corporation ("Lake Creek") because

> Defendants planned to raise the water level of the canal located in the rear of the premises (hereinafter referred to as the subject canal), which would raise the ground water level, cause moisture to form underneath the house located on the premises, cause drainage problems, and result in standing water during periods of rain.

After mediation the previous owners and two defendants

> agreed to establish a high water level of the subject canal to be the same as the invert, or bottom, of the existing street drain pipe. This was to be done within thirty (30) days, or by July 7, 2006, and was to be done regardless of whether the [previous owners] sold the premises prior to completion of the agreed upon remedy.

However, according to plaintiffs,

> the Defendants have begun raising the water level in the subject canal by draining water from Bay Tree Lake and the old canal system into the subject canal. The subject canal's water level is now above the high water level established in the aforementioned Mediated Settlement Agreement. The Defendants have also raised the pipes connecting the street drains to the subject canal, which has resulted in no drainage during periods of rain.

Plaintiffs allege that defendants' actions have resulted in "[t]he ground water level . . . raising approximately four (4) inches below the surface of the land on the premises; "[d]rainage problems . . .; [and m]oisture has formed underneath the house . . . causing mold to form underneath the house and in the HVAC system." Plaintiffs sued for breach of real covenant, nuisance, negligence, and requested a temporary restraining order and a preliminary and permanent injunction.

On 7 July 2010, defendants Lake Bay, Lake Creek, and JOCO Incorporated answered plaintiff's complaint. Defendants admit that they entered into an agreement with the previous owners of the premises, but deny that the agreement provides the relief plaintiffs claim it does and that it is even applicable to plaintiffs. Defendants allege numerous defenses and also counterclaim for contribution.

On or about 14 May 2012, defendants Lake Creek and Lake Bay filed a motion to add "the owners of all the lots in the Bay Tree Lakes subdivision" as their properties would be affected by the outcome of this suit. On or about 10 August 2012, the trial court denied defendants' motion, finding that plaintiffs' requested relief affected only plaintiffs' property. Defendants appeal.

## II.  Interlocutory Appeal

Defendants admit that they are appealing from an interlocutory order.

> An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. . . . As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts. Appeals from interlocutory orders are only available in exceptional cases. Interlocutory orders are, however, subject to appellate review:
>
> > if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C. Gen. Stat. § 1A–1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.
>
> The appealing party bears the burden of demonstrating that the order from which he or she seeks to appeal

SMITH v. LAKE BAY E., LLC

[228 N.C. App. 72 (2013)]

is appealable despite its interlocutory nature. If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds.

*Hamilton v. Mortgage Information Services, Inc.,* ___ N.C. App. ___, ___, 711 S.E.2d 185, 188-89 (2011) (citations, quotation marks, and brackets omitted). "Our Court has held that the challenge of an order declining to name an entity a necessary party is interlocutory." *Nello L. Teer Co. v. Jones Bros., Inc.,* 182 N.C. App. 300, 305-06, 641 S.E.2d 832, 837 (2007) (dismissing defendant's appeal from order concluding that one defendant was "no longer a necessary party[,]" noting that the remaining defendant had "failed to show how the trial court's order prejudice[d] any asserted substantial right").

Defendants contend that their appeal affects a substantial right as their motion sought "to add parties who own the easement which plaintiffs' claim seeks to impair or restrict." Defendants direct this Court's attention to *N.C. Dep't. of Transp. v. Stagecoach Village,* wherein our Supreme Court stated that "[t]he possible existence of an easement, the basis upon which the trial court ordered joinder of the unit owners, is a question affecting title; therefore, the trial court's order is subject to immediate review." 360 N.C. 46, 48, 619 S.E.2d 495, 496 (2005). However, it is clear that the principle adopted in *Stagecoach Village* is only applicable in condemnation cases, *see id.,* 360 N.C. 46, 619 S.E.2d 495, and does not disturb the prior and subsequent decision of this Court determining that the denial of motions predicated on a plaintiff's failure to join allegedly necessary parties does not affect a substantial right and is not immediately appealable. *See Building Mut. v. Meeting Street Builders,* ___ N.C. App. ___, ___, 736 S.E.2d 197, 201 (2012); *Auction Co. Inc. v. Myers,* 40 N.C. App. 570, 573, 253 S.E.2d 362, 364 (1979). As the order defendants are appealing from is interlocutory and is not certified for immediate appeal, and as defendants have failed to argue a substantial right on their own behalf, we dismiss. *See id; Hamilton,* ___ N.C. App. at ___, 711 S.E.2d at 188-89 (2011); *Nello L. Teer Co.,* 182 N.C. App. at 305-06, 641 S.E.2d at 837 (2007).

DISMISSED.

Judges HUNTER, Robert C. and ERVIN concur.