JAMES T. BLACKMON, SR., PLAINTIFF v. VALLEY DECORATING COMPANY, INC., ET AL, DEFENDANTS v. VAUGHN'S, INC., THIRD PARTY DEFENDANT

No. 7126SC189

(Filed 28 April 1971)

1. Corporations § 27; Libel and Slander § 13; Master and Servant § 34— liability of corporation for slander — burden of proof

In order to sustain its counterclaim against a corporation for slander by an alleged employee of the corporation, defendant would have the burden of showing that at the time and in respect to the utterance of the words complained of the alleged employee was acting within the course and scope of his employment by the corporation.

2. Corporations § 27; Libel and Slander § 16— slander — remarks by sales- man — summary judgment for salesman's employer

The trial court properly allowed motion of corporate third party defendant for summary judgment on counterclaim by defendant based on alleged slanderous remarks of plaintiff salesman, where third party defendant introduced an affidavit of its president that plaintiff had no authority to make the remarks complained of as an agent for the company and was not acting within the scope of his employment when the remarks were made, and defendant offered no evidence to contradict the affidavit or to supplement the allegations of its counterclaim.

APPEAL by original defendants from *Fountain, J.,* 2 November 1970 Session, MECKLENBURG Superior Court.

On 15 December 1969 plaintiff instituted this action against the original defendants (Valley) to recover commissions allegedly earned by plaintiff on sales of Valley's decorative materials. Valley counterclaimed against plaintiff and Vaughn's,

---

Blackmon v. Decorating Co.

---

Inc., a Minnesota corporation (Vaughn's), alleging that plaintiff while working for Vaughn's made slanderous remarks against Valley. An order was entered making Vaughn's an additional party defendant.

Thereafter, Vaughn's filed a motion asking the court: (1) to dismiss the action alleged in the counterclaim as to it because the counterclaim failed to state a claim against Vaughn's upon which relief could be granted; (2) to quash the return of service of summons because the court did not have jurisdiction; and (3) to treat the motion and supporting affidavit as a motion for summary judgment.

Following a hearing on the motion, the trial court found facts as contended by Vaughn's, and, among other things, sustained its motion for summary judgment and dismissed the counterclaim as to Vaughn's with prejudice. Valley appealed.

*Garland, Alala, Bradley & Gray by Charles D. Gray, III, attorneys for defendant-appellant, Valley Decorating Company, Inc., et al.*

*James & Williams by William K. Diehl, Jr., attorneys for Vaughn's, Inc., additional party defendant appellee.*

BRITT, Judge.

Did the trial judge commit error in granting Vaughn's motion for summary judgment and dismissing the counterclaim as to Vaughn's with prejudice? We answer in the negative.

Pertinent allegations of the counterclaim are as follows:

2. During November, 1969, in Belk's Stores in the City of Concord, North Carolina, the Plaintiff, acting as the authorized agent of Vaughn's, Inc., in the presence and hearing of one Harold Knowles, maliciously spoke of and concerning the Defendants, the statement that the Defendants were no longer in business and were a defunct corporation and, further, in the presence and hearing of one David S. Beaman of Troy, North Carolina, maliciously uttered the false and defamatory words that the Defendants were now out of business and further that the Defendants were dishonest in their business dealings.

3. The words so spoken were false and defamatory.

On 13 April 1970 Vaughn's filed an affidavit of its President, LeRoy F. Vaughn, setting forth its contentions as to plaintiff's status with Vaughn's. Among other things, the affidavit alleged:

> Mr. Blackmon, as a sales representative or as an independent contractor, had no authority to act or speak for the Company. His only limited authority was to solicit orders for the sale of certain of the Company's products, and even this authority was subject to the approval of the Company.

> The Company has no knowledge of the statement attributed to Mr. Blackmon as set out in the Counterclaim of the original defendants. Mr. Blackmon had no actual authority, express or implied, to utter such statements, if he did, as an agent for the Company. Nor did Mr. Blackmon have any apparent authority to speak for the Company, if he did, in such a manner. The statements attributed to Mr. Blackmon were not spoken, if they were, within the scope of any employment of Mr. Blackmon by the Company. Nor did such statements, if spoken by Mr. Blackmon, serve to further the business of the Company. In addition, the Company has never ratified nor intended to ratify the alleged statements of Mr. Blackmon.

Valley introduced no evidence to contradict the portion of the Vaughn affidavit above quoted or to supplement the allegations of its counterclaim first above quoted.

[1] To sustain its counterclaim (or cross action) against Vaughn's at trial, the burden would be on Valley to show that at the time and in respect to the utterance of the words complained of plaintiff was acting within the course and scope of his employment by Vaughn's. *Gillis v. Tea Company,* 223 N.C. 470, 27 S.E. 2d (1943). In *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970), Parker, Judge, speaking for this court said:

> The motion for summary judgment under Rule 56 of the Rules of Civil Procedure (G.S. 1A-1, Rule 56) is a procedure new to the courts of this State. (For an excellent discussion of the history and purpose of the summary judgment procedure, see opinion by Judge Morris in *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425.) The pur-

pose of the rule is not to resolve a disputed material issue of fact, if one exists, but to provide an expeditious method for determining whether any such issue does actually exist. The rule provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 56(c). When motion for summary judgment is made, the court must look at the record in the light most favorable to the party opposing the motion. *Crest Auto Supplies, Inc. v. Ero Manufacturing Company*, 360 F. 2d 896 (7th Cir., 1966). However, when the motion is supported as provided in the rule, *"an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."* Rule 56(e). (Emphasis added.)

[2] In our opinion, at the hearing on its motion for summary judgment, Vaughn's by the affidavit of its president sufficiently met its burden of proof. Nothing else appearing, Vaughn's would be entitled to a directed verdict at trial. The counterclaim alleges that plaintiff was in Belk's Stores in Concord when he made the remarks complained of but there is nothing to show that plaintiff was "about his master's business" at the time. The unsupported allegations in the counterclaim are not sufficient to overcome the motion for summary judgment. *Pridgen v. Hughes, supra.*

In view of our holding that the trial judge properly sustained the motion of Vaughn's for summary judgment, thereby terminating with prejudice the counterclaim as to Vaughn's, we deem it unnecessary to discuss the other questions posed in the briefs.

For the reasons stated, the judgment sustaining Vaughn's motion for summary judgment and dismissing with prejudice the counterclaim as to Vaughn's is

Affirmed.

Judges CAMPBELL and GRAHAM concur.