BARBARA H. HINSON v. WILLIAM W. JEFFERSON AND WIFE, ANNE C. JEFFERSON, AND MAE W. JEFFERSON

No. 733DC787

(Filed 12 December 1973)

1. **Rules of Civil Procedure § 56— contract for sale of land — summary judgment properly denied**

In plaintiff's action to rescind a contract for the sale of land the trial court properly denied plaintiff's motion for summary judgment where any cause of action alleged by her related to 19 October 1971, the date of the deed from defendants to plaintiff, but the affidavits and other material presented by plaintiff on her motion for summary judgment related to the condition of the land and county rules and regulations subsequent to 15 February 1972.

2. **Cancellation and Rescission of Instruments § 10; Rules of Civil Procedure § 56— rescission of contract for sale of land — summary judgment against moving party inappropriate**

Though summary judgment may be rendered against the moving party, it was not appropriate in this case where defendants sold plain-

tiff a lot of land with its use restricted to a single family residence, plaintiff discovered that the land could not be used for residential purposes inasmuch as a wastes disposal system could not be installed in accordance with State and county laws, and plaintiff sought to rescind the contract.

APPEAL by plaintiff from *Wheeler, District Judge,* 29 August 1973 Session of District Court held in PITT County.

In her complaint, filed 6 March 1973, plaintiff alleges in pertinent part the following: By deed dated 19 October 1971 defendants conveyed to plaintiff a 200 ft. by 300 ft. lot of land located in Farmville Township, Pitt County. The deed contains covenants limiting the use of the land to a single family residence costing not less than $25,000, based on costs prevailing in Pitt County as of 1 October 1971. Thereafter, plaintiff determined that the lot could not be used for residential purposes inasmuch as "a wastes disposal system could not be installed in accordance with the laws of the State of North Carolina and the ordinances of the County of Pitt." Because the lot could not be used for residential purposes, plaintiff elected to rescind the contract and demanded that defendants refund the $3,500 purchase price, together with $453 spent by plaintiff, on the lot. Defendants refused to comply with plaintiff's demand.

On 10 May 1972, plaintiff moved for summary judgment. Following a hearing, the trial court entered judgment denying plaintiff's motion, awarding summary judgment in favor of defendants, and dismissing the action with prejudice. Plaintiff appealed.

*Everett & Cheatham by C. W. Everett for plaintiff appellant.*

*Gaylord and Singleton by Mickey A. Herrin for defendant appellees.*

BRITT, Judge.

Two questions are presented: (1) Did the court err in denying plaintiff's motion for summary judgment? (2) Did the court err in entering summary judgment in favor of defendants and dismissing the action? We answer the first question in the negative and the second in the affirmative.

[1] (1). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970). The burden is on the moving party to establish the lack of a triable issue of fact. *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147 (1971). In considering a motion for summary judgment, the court must look at the record in the light most favorable to the party opposing the motion. *Blackmon v. Valley Decorating Co.,* 11 N.C. App. 137, 180 S.E. 2d 396 (1971).

Any cause of action alleged by plaintiff related to 19 October 1971, the date of the deed from defendants to plaintiff. The affidavits and other materials presented by plaintiff on her motion for summary judgment tended to show the condition of the lot, and rules and regulations pertaining to septic tanks and other sewage disposal facilities in Pitt County, subsequent to 15 February 1972. For example, the affidavit of W. M. Pate, Sanitarian Supervisor of the Pitt County Health Department, refers to a certification of 27 December 1972, and attached to the affidavit is a letter from Pate to plaintiff referring to "findings in March 1972." Plaintiff's Exhibit "B," REGULATIONS GOVERNING SEWAGE DISPOSAL IN PITT COUNTY, disclose that the regulations were adopted on 1 March 1972. The affidavit of Roy R. Beck relates to "an inventory and evaluation" of the lot as of 16 February 1972.

For failure to carry her burden to establish the lack of a triable issue of fact, plaintiff was not entitled to summary judgment.

**[2]**   (2). Since defendants did not file a motion for summary judgment, the cause was heard solely on plaintiff's motion. While G.S. 1A-1, Rule 56(c) provides that "[s]ummary judgment, when appropriate, may be rendered against the moving party," we think it was not appropriate in this case.

For the reasons stated, the judgment dismissing this action is

Reversed.

Judges PARKER and BALEY concur.