LAMAR GUDGER, INDIVIDUALLY, AND LAMAR GUDGER, AS THE SOLE SURVIVING PARTNER OF GUDGER & SAWYER, A PARTNERSHIP v. TRANSITIONAL FURNITURE, INC., AND HENRY JAMES, JR.

Nos. 7628SC49 and 7628SC504

(Filed 4 August 1976)

Contracts § 32— contract for legal fees — wrongful interference with performance — summary judgment proper

In an action against individual defendant for his allegedly wrongful interference with the corporate defendant's performance of its

contract to pay plaintiff for legal services, allegations made upon information and belief contained in plaintiff's complaint which were not supported in any way at a hearing on individual defendant's motion for summary judgment were insufficient to overcome the competent evidence offered by defendant showing that he did not interfere with the contract between plaintiff and the corporate defendant.

APPEAL by plaintiff from *Martin (Harry C.), Judge.* Judgment entered 24 May 1976 in Superior Court, BUNCOMBE County.

Plaintiff instituted this action to recover legal fees allegedly owed plaintiff by Transitional Furniture, Inc. Recovery was sought against defendant James on the theory that James wrongfully interfered with Transitional's performance of its contract to pay plaintiff.

The trial judge granted defendant James' motion for summary judgment and dismissed the action as to James, finding that there was no just reason for delay. Plaintiff appealed.

*Adams, Hendon & Carson, by George Ward Hendon, for the plaintiff.*

*James, Williams, McElroy & Diehl, by James H. Abrams, Jr., for defendant James.*

BROCK, Chief Judge.

Until January 1975 plaintiff's law firm represented Transitional Furniture, Inc. and its president, Murl Whitener, in several matters involving litigation. In January 1975, at plaintiff's suggestion, Transitional discharged plaintiff and employed defendant James to handle its legal affairs. Defendant James effected a settlement of a fire insurance claim by Transitional. Transitional is alleged to be insolvent.

Defendant offered affidavits in support of his motion for summary judgment. The affidavit of Murl E. Whitener, chief executive officer of Transitional, states: that defendant James effected a settlement of Transitional's fire insurance claim for $100,000.00; that "I instructed Mr. James to effect a proportionate settlement with the creditors of Transitional, but instructed him not to pay Mr. Gudger any amount, as that is what his firm's services were reasonably worth"; that "I did authorize Mr. James to make some provision for paying Mr. Gudger's expense statement of $1,112.88, but only after some

persuasion from Mr. James." The affidavit of defendant James states: "At all times since January of 1975 I have been an attorney in an attorney-client relationship with Transitional; at no time have I nor any attorney employed by James, Williams, McElroy & Diehl, P.A. promised to pay or see to payment of plaintiffs' alleged fee; at no time have I been authorized by Transitional to pay plaintiffs' alleged fee; I was specifically instructed by Transitional not to pay plaintiffs' alleged fee, as Transitional considers it not due and owing; I have no assets of Transitional under my control."

In opposition to defendant James' motion for summary judgment, plaintiff offered his own affidavit. Plaintiff's affidavit purports to support his claim against Transitional, but in no way does it purport to support his claim against defendant James. Plaintiff offered no evidence to support his claim against defendant James.

The purpose of the summary judgment rule is to provide an expeditious method of determining whether a genuine issue as to any material fact actually exists and, if not, whether the moving party is entitled to judgment as a matter of law. *Rentals, Inc. v. Rentals, Inc.*, 26 N.C. App. 175, 215 S E. 2d 398 (1975). Unsupported allegations in the pleadings are insufficient to create a genuine issue as to a material fact where the moving adverse party supports his motion by competent evidentiary matter showing the facts to be contrary to that alleged in the pleadings. *Blackmon v. Decorating Co.*, 11 N.C. App. 137, 180 S.E. 2d 396 (1971). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e).

The only claim asserted by plaintiff against defendant James is by way of allegations on information and belief contained in the complaint. These allegations were not supported in any way at the summary judgment hearing. Standing alone, they are insufficient to overcome the competent evidence offered by the movant showing the facts to be contrary to those alleged.

Summary judgment was properly entered for the defendant James.

Affirmed.

Judges HEDRICK and CLARK concur.