NATHANIEL ELLIS v. HENRY SPEARS MULLEN, JR.

No. 7627SC1049

(Filed 2 November 1977)

1. **Cancellation and Rescission of Instruments § 2.1— illiterate person—failure to have instrument read—conditions required for relief**

   It is the general rule that one who signs a contract is presumed to know its contents, and an illiterate person signing an instrument without request that it be read to him is chargeable with negligence for which the law affords no redress, unless he has been lulled into security or thrown off his guard and deceived.

2. **Torts § 7— release printed on checks—endorsement—summary judgment improper**

   In an action to recover for injuries sustained by plaintiff in an automobile accident where defendant claimed that plaintiff released him from liability by endorsing checks from defendant's insurer, the trial court erred in granting summary judgment for defendant where the evidence tended to show that plaintiff was illiterate; the checks from the insurer contained a proviso that endorsement constituted full settlement of claims "arising out of the loss or occasion referred to on the face of this draft;" plaintiff did not have anyone read the settlement checks to him, but there was no evidence as to whether plaintiff was negligent in failing to have them read to him; three of the checks provided that they were in full settlement of claims against June R. Herndon, but

there was no showing that plaintiff, even if he had had the checks read to him, would have understood that settlement of any claim against June R. Herndon also settled his claim against defendant; and about a week after the checks were issued the defendant presented to plaintiff a release form which he did not sign.

APPEAL by plaintiff from *Graham, Judge.* Judgment entered 8 October 1976, in Superior Court, GASTON County. Heard in the Court of Appeals 22 September 1977.

Plaintiff seeks to recover $50,000 for personal injuries allegedly suffered when his car was struck from behind by a car operated by defendant.

In his answer defendant denied negligence, alleged contributory negligence, and pled as a further defense that on 30 April 1973 his insurer, Unigard Insurance Company, issued four drafts, totaling $900, one payable to the order of plaintiff alone and three payable to plaintiff and others who rendered medical services to him; that the drafts contained a proviso to the effect that endorsement constituted full settlement of any and all claims; and that by his endorsement plaintiff released defendant from liability.

Plaintiff in his reply alleged that he was illiterate; that the purported releases were never explained to him; and that he never intended to release defendant.

In answers to interrogatories and requests for admission, plaintiff admitted that he had endorsed two of the drafts, one payable to him alone in the sum of $681.00, and one payable to him and Gaston Orthopedic Clinic in the sum of $124.00.

Defendant moved for summary judgment on the ground that plaintiff had released defendant by his endorsement of the checks. Plaintiff responded with an affidavit to the effect he had endorsed only two of the drafts; that he was illiterate and did not understand the settlement proviso on the drafts; that about a week after the drafts were issued Unigard sent him a release which he did not sign.

Plaintiff appeals from the summary judgment in favor of defendant.

Ellis v. Mullen

*Childers, Fowler & Whitt by Max L. Childers for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray by E. F. Parnell for defendant appellee.*

CLARK, Judge.

The four drafts were attached as exhibits, and there appeared on the back of each draft the following provision:

"Endorsement of this draft constitutes full and complete settlement of any and all claims arising out of the loss or occasion referred to on the face of this draft."

On the face of the draft in the sum of $681.00 payable to plaintiff alone there appears the following: "IN FULL SETTLEMENT OF ALL CLAIMS AGAINST JUNE R. HERNDON RESULTING IN AN ACCIDENT OCCURRING 11/19/72 AT OR NEAR KINGS MOUNTAIN, N.C." Plaintiff's endorsement on the back consisted of his printed name, attested to by a bank employee.

On the face of the draft in the sum of $124.00 payable to plaintiff and Gaston Orthopedic Clinic there appears the following: "IN FULL SETTLEMENT OF ALL CLAIMS MEDICAL SERVICES RENDERED NATHANIEL ELLIS." Plaintiff's endorsement on the back consists of his name printed as follows: "NATHANLEL ElliS."

On the face of each of the other two checks, one payable to plaintiff and Mecklenburg X-Ray Associates in the sum of $45.00 and the other payable to plaintiff and Dr. B. W. Brawley in the sum of $50.00, there appears the following: "IN FULL SETTLEMENT OF ALL CLAIMS AGAINST JUNE R. HERNDON RESULTING IN AN ACCIDENT OCCURRING 11/19/72 AT OR NEAR CHARLOTTE, N.C." On the back of each check is the name Nathaniel Ellis in handwriting, indicating that these two checks were not mailed to plaintiff but to the other payees in Charlotte and that the purported endorsements were made by another person signing plaintiff's name.

The question presented by this appeal is whether the endorsement by the illiterate plaintiff of the two checks constitutes a release of plaintiff's claim against the defendant under the circumstances presented by defendant's motion for summary judgment under G.S. 1A-1, Rule 56.

[1] It is the general rule that one who signs a contract is presumed to know its contents, and an illiterate person signing an instrument without request that it be read to him is chargeable with negligence for which the law affords no redress, *unless he has been lulled into security or thrown off his guard and deceived. W. R. Grace & Co. v. Strickland*, 188 N.C. 369, 124 S.E. 856 (1924); 35 A.L.R. 1296. See *Sexton v. Lilley*, 4 N.C. App. 606, 167 S.E. 2d 467 (1969).

The illiterate signer does not have to show fraud to attack the validity of the agreement. If the circumstances are such that the failure to have the agreement read to him is excusable, he is not estopped from avoiding it. An agreement signed without negligence, under the belief that it was an instrument of a different character may be avoided. 17 Am. Jur. 2d, Contracts, § 149. Illiterate persons ignorant of the contents of contracts signed by them may be relieved of their obligations thereunder on proof of anything in the nature of overreaching or unfair advantage taken of their illiteracy. 17 C.J.S., Contracts § 139.

The defendant supported his motion by the pleadings, answers to interrogatories, admissions on file, and copies of the four checks issued by defendant on 30 April 1973 and their endorsements following the settlement provisions. The burden was on defendant to establish that there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law. Shuford, N.C. Civil Practice and Procedure, § 56-6.

[2] It is uncontroverted that plaintiff was illiterate, that he endorsed only two of the four drafts issued by defendant, that he did not have someone read to him the settlement checks, that about a week after the drafts were issued the defendant presented to him a release form which he did not sign, and that two of the four drafts were not sent to plaintiff but were endorsed by another person signing plaintiff's name.

We must look at the record in the light most favorable to the plaintiff. *Hinson v. Jefferson*, 20 N.C. App. 204, 200 S.E. 2d 812 (1973). In doing so, we find that defendant has failed to establish that there is no genuine issue of any material fact. First, there is the question of whether the illiterate plaintiff was negligent in failing to have the drafts read to him. Were the circumstances such that plaintiff could not reasonably expect the drafts to con-

tain settlement provisions? Was overreaching or unfair advantage taken of his illiteracy? The jury should be allowed to apply the standard of the reasonably prudent man to the facts in determining whether plaintiff's endorsement without having the drafts read to him was negligence.

Further, the draft in the sum of $681.00 payable to plaintiff alone, admittedly endorsed by him, provides on its face that it is in full settlement of the claim against June R. Herndon. Nowhere in the record on appeal is there any other reference to June R. Herndon. Even if plaintiff had someone read to him the two drafts which he endorsed, there may be a question as to whether he would have understood that settlement of any claim against June R. Herndon also settled his claim against defendant Henry Spears Mullen, Jr. It does appear from the record that defendant was the operator of the vehicle which struck plaintiff's vehicle, but the relationship of June R. Herndon to defendant is not shown.

It is a reasonable inference that before defendant's insurer issued the four drafts, and later presented a release form, there were negotiations between plaintiff and defendant's insurer, possibly followed by an understanding or agreement between them. Evidence of such at trial may reveal the circumstances surrounding the issuance of the drafts and the acceptances of two of them by plaintiff, but from the record on appeal we find that defendant has failed to establish as a matter of law that he was entitled to summary judgment.

Reversed and remanded.

Judges VAUGHN and HEDRICK concur.