IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-726

Filed: 15 December 2020

Orange County, No. 18 CVS 295

JERRY MACE, SR. & MACE GRADING CO., INC., Plaintiffs,

v.

SCOTT T. UTLEY, II, JODY BELL, ENERGY PARTNERS, LLC & ENERGY PARTNERS OF NC, LLC, UTLEY ENTERPRISES, LLC d/b/a ENERGY PARTNERS OF MEBANE, Defendants.

Appeal by plaintiffs from orders entered 22 March 2019 by Judge Allen Baddour in Orange County Superior Court. Heard in the Court of Appeals 3 March 2020.

*K.E. Krispen Culbertson for plaintiffs-appellants.*

*Steffan & Associates, P.C., by Kim K. Steffan, for defendants-appellees.*

MURPHY, Judge.

When Plaintiffs fail to comply with discovery rules, we affirm the trial court's order denying the motion to compel depositions. Where there are genuine issues of material fact, we hold the trial court errs in entering summary judgment in favor of Defendants and dismissing Plaintiffs' action.

## BACKGROUND

In 2005, Defendant Scott T. Utley, II ("Utley"), a member/manager of Defendant Energy Partners, LLC ("Energy Partners"),[1] paid $150,000.00 for a 25% ownership interest in Energy Partners. To finance the 25% interest, Utley borrowed $150,000.00 from BB&T and secured the loan by executing deeds of trust on real property.

In April 2007, Utley executed an agreement to purchase all of the assets of Energy Partners.[2] Pursuant to the asset purchase agreement, Utley assumed a lease agreement between Energy Partners and Foust Oil Company, Inc. ("Foust Oil"). Utley assigned that lease agreement to Utley Investments, LLC ("Utley Investments"). Utley Investments arranged financing with BB&T for the purchase of Energy Partners' assets. The financing was secured by a $300,000.00 deed of trust on real property purchased from Foust Oil, located on Highway 70 in Mebane ("Mebane property").

A few months later, Defendant Jody Bell ("Bell")[3] met with Plaintiff Jerry Mace, Sr. ("Mace"), the owner of Plaintiff Mace Grading Co., Inc. ("Mace Grading"). Mace owned 8.81 acres of land located in Caswell County which he sold to Utley

---

[1] Energy Partners, LLC, a South Carolina corporation, was registered to do business in North Carolina under the trade name "Energy Partners of N.C., LLC," a named Defendant in this action.

[2] After Energy Partners sold its assets, it stopped filing annual reports with the Secretary of State, and the corporation was administratively dissolved in September 2010.

[3] Bell is Utley's mother, who assisted Utley with administrative matters in his business.

Investments to use as a site for propane storage. Mace subsequently borrowed $300,000.00 from MidCarolina Bank, with his personal residence as collateral.

Meanwhile, Utley Investments filed an *Assumed Name Certificate* in the Orange County Register of Deeds to do business under the trade name "Energy Partners of Mebane." Utley Investments d/b/a Energy Partners of Mebane borrowed $100,000.00 on 23 April 2008 and $200,000.00 on 2 June 2008 from BB&T to fund cleanup costs for the Mebane property—used by Foust Oil for its distribution bulk plant—after Foust Oil failed to remove contaminated soil from the property. Mace granted Utley permission to use one of his properties as collateral for the loans. In turn, Utley agreed to pay all the property taxes and insurance.[4] Mace provided start-up materials, such as a storage tank, asphalt millings, concrete saddles, and vehicles. Utley was allowed to purchase fuel on credit from Gateco Fuels, using Mace's account. Utley allowed Mace to receive fuel at no charge to offset the balance of the loan.

Energy Partners of Mebane subsequently contracted with Mace Grading to remove the contaminated soil from the Mebane property. Mace provided trucks and drivers to remove the contaminated soil. After the work was completed, Mace Grading invoiced Energy Partners of Mebane. Energy Partners of Mebane sued Foust Oil to recoup the cleanup costs for the soil. The matter was settled out of court,

---

[4] Utley made payments until 2017 when the lawsuit commenced.

but none of the settlement money was applied to the balance of Mace Grading's invoice.

Plaintiffs Mace, in his individual capacity, and Mace Grading filed a complaint seeking to pierce the corporate veil for punitive damages and alleging claims for breach of fiduciary duty, constructive fraud, and unfair and deceptive trade practices against Defendants. Defendants subsequently moved for summary judgment on Plaintiffs' claims and Plaintiffs filed a motion to compel Utley and Bell to appear for depositions. The trial court granted Defendants' summary judgment motion and denied Plaintiffs' motion to compel. Plaintiffs timely appealed.

## ANALYSIS

### A. Plaintiffs' Motion to Compel

Plaintiffs argue the trial court abused its discretion in denying their motion to compel the depositions of Utley and Bell on the basis of its finding that Plaintiffs failed to comply with discovery rules. We disagree.

When we "review[] a trial court's ruling on a discovery issue, [we] review[] the order of the trial court for an abuse of discretion." *Midkiff v. Compton*, 204 N.C. App. 21, 24, 693 S.E.2d 172, 175 (2010). An abuse of discretion occurs "where the [trial] court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

Both parties were on notice that all discovery must be completed by 28 February 2019. The timeline of events during discovery reveal on 14 January 2019 Plaintiffs contacted Defendants to discuss taking depositions for Utley and Bell. In response, Defendants indicated a desire to depose Mace. Counsel for both parties agreed to depose Utley, Bell, and Mace on the same day and exchanged proposed dates for scheduling the depositions.

On 15 January 2019, Defendants' counsel emailed two proposed dates in February to conduct the depositions. Seven days later, Plaintiffs' counsel responded suggesting a new date. Defendants' counsel inquired again about the two February dates and Plaintiffs' counsel did not respond for another two weeks. By that time, the two February dates were no longer available. On 4 February 2019, Plaintiffs' counsel inquired about dates for the last week of February. Defendants' counsel responded the following day proposing two alternate dates. Plaintiffs' counsel did not respond to that email until 12 February 2019, and again, the proposed dates were unavailable. When Plaintiffs' counsel asked about March dates, Defendants' counsel declined to accommodate the request because it was after the discovery deadline.

On 14 February 2019, Plaintiffs' counsel served a written notice of deposition for Utley and Bell, to be held on 28 February 2019. However, Defendants' counsel informed Plaintiffs' counsel Utley and Bell would not attend the depositions and Plaintiffs filed a motion to compel, which was subsequently denied.

Rule 30 of the North Carolina Rules of Civil Procedure states:

> A party desiring to take the deposition of any person upon oral examination shall give notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. . . . The notice shall be served on all parties at least 15 days prior to the taking of the deposition when any party required to be served resides without the State and shall be served on all parties at least 10 days prior to the taking of the deposition when all of the parties required to be served reside within the State. Depositions of parties, officers, directors or managing agents of parties or of other persons designated pursuant to subsection (b)(6) hereof to testify on behalf of a party may be taken only at the following places:
>
> *A resident of the State may be required to attend for examination by deposition only in the county wherein he resides or is employed or transacts his business in person. . . .*

N.C.G.S. § 1A-1, Rule 30(b)(1) (2019) (emphasis added). While Plaintiffs contend it was improper for Utley and Bell to refuse to appear for depositions, we note the notice of deposition was defective under Rule 30 as it required Utley and Bell to attend a deposition in Guilford County, even though they were residents of Orange County.

Plaintiffs contend Defendants should have filed a motion for protective order and state the reasons for not appearing for depositions. We reject that contention. Rule 37 of the North Carolina Rules of Civil Procedure allows for sanctions of a party who fails to appear for a deposition, *after receiving proper notice*, unless the party has

filed for a protective order. *See* N.C.G.S. § 1A-1, Rule 37(d)(i) (2019) ("If a party . . . fails [] to appear before the person who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just[.] . . . The failure to act described in this section may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order[.]").

Here, as stated above, Plaintiffs failed to properly notify Defendants of the depositions, a predicate to the imposition of sanctions. As a result, Defendants' failure to appear neither warranted the issuance of sanctions nor the filing of a motion for protective order. Accordingly, we hold the trial court did not abuse its discretion in denying Plaintiffs' motion to compel, as it correctly determined Plaintiffs failed to comply with discovery rules.

## B. Defendants' Motion for Summary Judgment

We review a trial court's order granting or denying summary judgment de novo. *Builders Mut. Ins. Co. v. N. Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2019). A genuine issue of material fact is one in which

the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. . . . [A] genuine issue is one which can be maintained by substantial evidence.

*Smith v. Smith*, 65 N.C. App. 139, 142, 308 S.E.2d 504, 506 (1983) (quoting

*Zimmerman v. Hogg & Allen, P.A.*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974)).

For summary judgment, the movant is held to a strict standard in all cases and all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. Reasonable persons can reach different conclusions on the evidentiary material offered. Summary judgment is inappropriate where reasonable minds might easily differ as to the import of the evidence.

*Marcus Bros. Textiles, Inc. v. Price Waterhouse, L.L.P.*, 350 N.C. 214, 221-22, 513

S.E.2d 320, 325-26 (1999) (internal citations omitted). "Moreover, the party moving

for summary judgment bears the burden of establishing the lack of any triable issue."

*Id.* All of the facts asserted by Mace in his affidavit must be taken as true and

inferences therefrom must be viewed in the light most favorable to the Plaintiffs. *See*

*Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (internal citations

omitted) (noting when reviewing summary judgment, "[a]ll facts asserted by the

adverse party are taken as true, and their inferences must be viewed in the light most

favorable to that party").

Here, Plaintiffs' allegations against Defendants stem from the contention that

Mace was misled by Utley to invest in Utley's businesses because he was promised

an ownership interest but never received it. At the summary judgment hearing, Mace submitted an affidavit in which he alleged he entered into a verbal agreement with Utley and Bell to buy a 25% interest in Utley Investments for $300,000.00. To finance this ownership interest, Mace alleged he took out an equity line of credit on his personal residence in the amount of $300,000.00 on 11 September 2007. Mace alleged he subsequently delivered a check for $300,000.00 to Utley.

Conversely, Defendants provided two documents, the *Satisfaction of Security Instrument* and the *Deed of Trust*, in support of their motion for summary judgment. The *Deed of Trust* shows Mace and his wife obtained an equity line of credit on their personal residence in the amount of $235,000.00 through Suntrust Bank in November of 2006. The *Satisfaction of Security Instrument* shows Mace and his wife paid off the $235,000.00 owed to Suntrust Bank on 20 September 2007. Defendants argue Mace obtained the $300,000.00 loan for the purpose of satisfying his existing debt with Suntrust Bank as opposed to buying an ownership interest in Utley Investments since Mace paid off his preexisting debt to Suntrust Bank nine days after receiving the $300,000.00 loan.

Defendants' argument is only one possible interpretation. *See Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 524, 723 S.E.2d 744, 748 (2012) (noting when the use of a term in a contract can have more than one possible meaning depending on the resolution of certain disputed facts, there is a

genuine issue of material fact and summary judgment is not justified). As the nonmoving party, Mace's alleged facts must be taken as true and viewed in the light most favorable to him. Mace alleges he delivered the check for the ownership interest in Utley Investments directly to Utley. While there is no evidence of this check in the Record, there is also no documentation in the Record linking the $300,000.00 loan to the *Satisfaction of Security Instrument*. Whether Mace took out the $300,000.00 loan in order to pay off his preexisting debt or to acquire an ownership interest in Utley Investments is the classic he-said-she-said where credibility must be determined by twelve jurors and not one (or two) judges. This issue is a genuine issue of material fact that must be left to the jury to determine and Plaintiffs are entitled to move forward beyond the summary judgment stage.

## CONCLUSION

Plaintiffs failed to comply with discovery rules and we therefore affirm the trial court's order denying the motion to compel depositions. As there exist genuine issues of material fact, we reverse the trial court's order granting summary judgment in favor of Defendants and dismissing Plaintiffs' action.

AFFIRMED IN PART, REVERSED IN PART.

Judge STROUD concurs.

Judge BRYANT concurs in part, dissents in part, with separate opinion.

BRYANT, Judge, concurring in part and dissenting in part.

I concur in the portion of the majority opinion that properly concludes plaintiffs failed to comply with discovery rules, which, in turn, affirmed the trial court's order to deny the motion to compel. However, I respectfully dissent from the portion of the majority opinion reversing the trial court's ruling on summary judgment as plaintiffs' forecast of evidence was *not* sufficient to create a genuine issue of material fact.

The trial court, upon considering all the evidence provided by the parties, found there was no genuine issue of material fact and determined defendants were entitled to judgment as a matter of law. In my view, the majority's opinion reversing the trial court is directly contrary to the evidentiary framework used to analyze claims subject to summary judgment.

Rule 56 of the North Carolina Rules of Civil Procedure provides that any party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019). When considering a motion for summary judgment, "[a]ll facts asserted by the [nonmoving] party are taken as true, and their inferences must be viewed in the light most favorable to that party." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012).

> A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing

> through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim . . . . *If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.*

*Hart v. Brienza*, 246 N.C. App. 426, 430, 784 S.E.2d 211, 215 (2016) (citation omitted) (emphasis added). "The purpose of the summary judgment rule is to provide an expeditious method of determining whether a genuine issue as to any material fact actually exists and, if not, whether the moving party is entitled to judgment as a matter of law." *Gudger v. Transitional Furniture, Inc.*, 30 N.C. App. 387, 389, 226 S.E.2d 835, 837 (1976). "Unsupported allegations in the pleadings are insufficient to create a genuine issue as to a material fact where the moving adverse party supports his motion by competent evidentiary matter showing the facts to be contrary to that alleged in the pleadings." *Id.*

In the instant case, it is undisputed that plaintiffs and defendants had prior business dealings which led to the commencement of this action. On the record, the parties do not dispute the following facts: that Mace conveyed an 8-acre parcel in Caswell County to Utley Investments by general warranty deed, that Utley Investments was allowed to use one of Mace's properties as collateral for a loan with BB&T, that Utley was granted access to use Mace's account to purchase fuel on credit, and that Mace Grading performed soil removal for Utley on the Mebane property.

*BRYANT, J., concurring in part and dissenting in part*

All of plaintiffs' allegations against defendants stem from the contention that Mace was misled by Utley to invest in Utley's businesses because he was promised an ownership interest but never received it.

At the summary judgment hearing, plaintiffs submitted an affidavit by Mace, which stated that he entered into a verbal agreement with Bell and Utley to buy a twenty-five percent interest in Utley Investments in exchange for $300,000. According to Mace, he used his property as collateral to obtain a loan on 11 September 2007 from MidCarolina Bank and delivered a check for $300,000 to Utley. Plaintiffs presented documentation reflecting that Mace obtained a home equity loan not to exceed $300,000. However, there was no documentation—as the majority acknowledges—to show the existence of a check or a delivery of those proceeds to defendants as Mace averred in his affidavit to support his claim of ownership.

Defendants, on the other hand, in support of their motion for summary judgment, provided evidence that in 2006, prior to Mace receiving the $300,000 loan from MidCarolina Bank, Mace had an existing debt with SunTrust Bank in the amount of $235,000. Defendants' exhibit showed that Mace paid off the Suntrust loan on 20 September 2007, nine days after receiving the funds from MidCarolina Bank. As such, contrary to plaintiffs' allegations, defendants demonstrated that Mace had taken out the $300,000 loan for purposes of satisfying his existing debt with

Suntrust as opposed to buying an ownership interest in Utley's businesses.[5]   On this record, there is no support for the majority's assertion that this "is the classic he-said-she-said" where defendants have presented factual evidence to rebut the allegations in the complaint.  *See Variety*, 365 N.C. at 523, 723 S.E.2d at 747 ("The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense." (citation omitted)).

Plaintiffs could not establish ownership or offer of ownership in any business entity owned or operated by Utley to maintain their claims, and therefore, the appropriate action by the trial court was, as it did, to grant summary judgment.[6]  *See Gudger*, 30 N.C. App. at 389, 226 S.E.2d at 837 ("[Allegations, s]tanding alone, [] are insufficient to overcome the competent evidence offered by the movant showing the facts to be contrary to those alleged.").  Additionally, Mace claims that he was defrauded by defendants to use his property to secure a loan from BB&T.  However, Mace was not personally obligated on the note, but his property was used to secure

---

[5] Notably, plaintiffs filed a similar action in 2017 against defendants—excluding Utley Enterprises—where Mace submitted a sworn statement in response to defendants' request for admissions.  Plaintiffs had voluntarily dismissed the action before the summary judgment hearing and refiled the current action a year later.

[6] Mace signed a statement acknowledging no ownership interest in Utley entities—admitting that "neither Mace Grading Co., Inc. nor Carl Jerry Mace, Sr., individually, has any ownership interest of business entity owned or operated by Scott Utley, including without limitation the business operated at [the Mebane property] as Energy Partners of Mebane, Utley Investments LLC or any business interest of Scott Utley owned and operated under any other trade name, corporate entity, limited liability company or otherwise."

the loan. Nevertheless, Mace still owns the property he pledged. Mace admitted in his affidavit that defendants submitted payments to cover the taxes and insurance on the property; this served to further undermine his claims of fraud against defendants.

Consequently, I would affirm the trial court's decision to grant summary judgment in favor of defendants because plaintiffs failed to demonstrate that the evidence, even when viewed in the light most favorable to plaintiffs, was sufficient to create a genuine issue of material fact.

Accordingly, I respectfully concur in part and dissent in part.